NOV 29

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EUGENE A. MAUWEE, SR., )
#30400 )
)
Plaintiff, )          3:10-cv-00250-RCJ-RAM
)
vs. )
)          **ORDER**
JACK PALMER, *et al.*, )
)
Defendants. )
/

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a

1    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

2    *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

3              Dismissal of a complaint for failure to state a claim upon which relief may be granted is

4    provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under

5    Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under

6    Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,

7    232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the

8    elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

9    above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

10   (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

11   suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the

12   court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital*

13   *Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and

14   resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

15             Allegations in a *pro se* complaint are held to less stringent standards than formal

16   pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

17   519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

18   Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

19   prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

20   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

21   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

22   allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

23   *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24             To sustain an action under section 1983, a plaintiff must show (1) that the conduct

25   complained of was committed by a person acting under color of state law; and (2) that the conduct

26   deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

1    (9th Cir. 2006).

2    **II. Instant Complaint**

3           Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued the State

4    of Nevada, the Nevada Department of Corrections ("NDOC"), LCC's Warden Jack Palmer, Associate

5    Warden Ron Halstead and Associate Warden Robert LeGrand.  Plaintiff claims that he is a spiritual

6    leader and elder of Native American religious activities at LCC.  He alleges the following: an officer

7    confiscated an eagle talon–a sacred Native American religious artifact–that was in plaintiff's possession.

8    When his grievances were ultimately denied, plaintiff sought to send the sacred eagle talon home.

9    However, he was informed on March 24, 2010 that it had been destroyed.  Plaintiff asserts violations

10    of his First, Eighth and Fourteenth Amendment rights.

11           While plaintiff purports to assert a claim for the deprivation of his First Amendment right

12    to free exercise of religion, the gravamen of plaintiff's complaint is that he was deprived of the

13    opportunity to send his confiscated property home.  In *Hudson v. Palmer*, the United States Supreme

14    Court held that intentional deprivation of an inmate's property by prison employees does not violate the

15    Due Process Clause, provided that adequate state post-deprivation remedies are available.  468 U.S. 517,

16    533-534, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).  Nevada law provides for civil actions for the wrongful

17    deprivation of property by state officials.  *See* NRS 41.031; NRS 41.0322.  Plaintiff may seek redress

18    in the state system, but he cannot sue in federal court on the claim that the state deprived him of property

19    without due process of the law.  Therefore, plaintiff's claims for deprivation of property will be

20    dismissed with prejudice.

21           Plaintiff sets forth no allegations that implicate the First, Eighth or Fourteenth

22    Amendments.  Accordingly, those claims are dismissed.

23    **III. Conclusion**

24           **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-

25    1).

26           **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** with prejudice

1   for failure to state a claim for which relief may be granted.

2            **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close

3   this case.

4

5            DATED this 29th day of ___November_____, 2010.

6

7                             UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26