UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| EUGENE A. MAUWEE, SR., ) | 3:10-cv-00250-RCJ-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | |
| ) | April 29, 2013 |
| JACK PALMER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Defendants' Motion to Strike Plaintiff's Motion Notice to the Court for Discovery (Doc. # 45). Defendants base their motion on Fed. R. Civ. P. 12(f), stating that Plaintiff's Notice (Doc. #44) is "immaterial and impertinent as it does not ask for any relief, nor is it procedurally appropriate." (Doc. # 45 at 2.)

Fed. R. Civ.P. 12(f) provides, in pertinent part, as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. * * *

Plaintiff's filing (Doc. # 44) does not fall into the category of a pleading, nor does the court find it to contain anything which could be considered "redundant, immaterial, impertinent or scandalous."

For the reasons stated above, and because court previously denied Plaintiff's motion (Doc. #47), but neglected to address the Defendants' motion (Doc. # 45),[1] Defendants' motion (Doc. # 45) is therefore **DENIED as moot.**

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:      /s/
    Deputy Clerk

---

[1] The order (#47) and Defendants' motion (#45) were filed on the same date.