UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EUGENE A. MAUWEE, SR., | ) |
| Plaintiff, | ) 3:10-cv-00250-RCJ-WGC |
| vs. | ) |
| JACK PALMER et al., | ) **ORDER** |
| Defendants. | ) |

Plaintiff is a prisoner who has sued Defendants *in pro se* in this Court pursuant to 42 U.S.C. § 1983 for the violation of his First Amendment Free Exercise and Fourteenth Amendment Due Process rights based on the confiscation and destruction of a religious artifact (an eagle talon). Defendants moved for summary judgment based on the statute of limitations. The magistrate judge recommended: (1) the Court grant the motion as to the Free Exercise claim because Plaintiff filed the Complaint more than two years after discovering the relevant injury, i.e., the confiscation of the talon; and (2) the Court deny the motion as to the Due Process claim because Plaintiff filed the Complaint less than two years after discovering the relevant injury, i.e., the destruction of the talon. The Court adopted the Report and Recommendation ("R&R") in full.

Defendants have asked the Court to reconsider as to the Due Process claim because the Court adopted the R&R before the time had run for Defendant to file objections thereto. That is, the Court adopted the R&R on January 15, 2014 but had previously granted Defendants' motion to extend time to object until January 16, 2014. The Court has now considered the objections included in the motion and declines to reconsider. Defendants argue that there cannot be two different dates of injury with respect to the statute of limitations. The Court disagrees. It is true that Plaintiff knew of the confiscation of his talon more than two years before he filed the present action, but he did not know of its destruction until much later. Plaintiff may therefore bring his Due Process claim seeking damages based purely on the destruction of the talon, but not on the mere fact of its confiscation. Property law is a "bundle of sticks," and Plaintiff's property interest in immediate possession of the talon is distinct from his property interest in ownership of the talon generally. Plaintiff's ownership interest in the talon—Plaintiff argues that he should have been able to have it sent to another for safekeeping—is independently cognizable. His damages must be limited, accordingly, but the Court cannot say that Plaintiff was on notice of the loss of all ownership rights in the talon whatsoever upon its confiscation. Defendants may, however, file a successive motion for summary judgment based on the *Hudson* and *Paratt* line of cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 61) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge