1

2

3

4                          UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6   EUGENE A. MAUWEE, SR.,                    3:10-cv-00250-RCJ-WGC

7                          Plaintiff,      **REPORT & RECOMMENDATION OF**
                                           **U.S. MAGISTRATE JUDGE**
8        v.

9   JACK PALMER, et. al.,

10                          Defendants.

11        This Report and Recommendation is made to the Honorable Robert C. Jones, United

12  States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28

13  U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is

14  Defendants' Second Motion for Summary Judgment. (Doc. # 74.)[1] Plaintiff filed a response.

15  (Doc. # 77.) Defendants filed a reply (Doc. # 85) and Plaintiff filed a response to the reply (Doc.

16  # 86).

17        After a thorough review, the court recommends that Defendants' motion be granted.

18                              **I. BACKGROUND**

19        At all relevant times Plaintiff was in custody of the Nevada Department of corrections,

20  and the events giving rise to this action took place while Plaintiff was housed at Lovelock

21  Correctional Center (LCC). (Pl.'s Am. Compl, Doc. # 28 at 1.) Plaintiff, a pro se litigant, brings

22  this action pursuant to 42 U.S.C. § 1983. (*Id*.) Defendants are Jonathan Ball, Robert LeGrand,

23  Jack Palmer and Don Helling. (*See* Screening Order, Doc. # 29.)

24        Plaintiff alleges that he is Native American and an elder and spiritual leader of Native

25  American religious activities at LCC. (Doc # 28 at 5.) He contends that Ball confiscated an eagle

26  talon on June 19, 2007, which he claims is a sacred Native American religious artifact that was

27

28  _____

    [1] Refers to court's docket number.

1    in his possession and that he had used in many LCC religious ceremonies. (Doc. # 28at 4-5.) He

2    utilized NDOC's grievance system to try to have the talon returned, and avers that LeGrand,

3    Palmer, and Helling denied his grievances, apparently on the basis that the talon had been

4    deemed a security threat under NDOC policy. (*Id*.) He was later informed, on March 24, 2010,

5    that the talon was destroyed on August 16, 2007, approximately three and a half months before

6    he completed the grievance process. (*Id*. at 4.) He indicates that none of the grievance responders

7    told him about the destruction of the talon. (*Id*.) He claims he was deprived of any opportunity to

8    arrange to send the talon home. (*Id*. at 5.) He alleges that the destruction of the talon prior to

9    completion of the grievance process violated his due process rights. (*Id*. at 6.) He further alleges

10   that the confiscation and destruction of the talon affected his ability to practice his religion at

11   LCC. (*Id*.)

12   Plaintiff's original complaint was screened and dismissed with prejudice because the

13   court found Plaintiff alleged an intentional deprivation of property and had an adequate post-

14   deprivation remedy. (Doc. # 9.) Plaintiff appealed. (Doc. # 14.) The Ninth Circuit affirmed in

15   part, reversed in part, and remanded. (Doc. # 20.) The Ninth Circuit concluded, *inter alia*, that

16   the court erred in dismissing Plaintiff's due process claim based on the availability of adequate

17   state-law post-deprivation remedies because Plaintiff challenged the destruction of property

18   under established state procedure. (*Id*.) The Ninth Circuit also stated that Plaintiff should have

19   been given an opportunity to amend to state a First Amendment claim under the Free Exercise

20   Clause. (*Id*.) The amended complaint and screening followed.

21   In screening the amended complaint, the court determined Plaintiff stated colorable

22   claims under the Due Process Clause of the Fourteenth Amendment and the Free Exercise Clause

23   of the First Amendment. (Doc. # 29.) Specifically, as to the due process claim, the court

24   concluded that Plaintiff stated a colorable claim against Ball, LeGrand, palmer and Helling

25   because, consistent with the Ninth Circuit's finding, Plaintiff challenged the destruction of

26   property under established state procedure. (Doc. # 29 at 4, citing *Logan v. Zimmerman Brush*

27   *Co.¸* 455 US. 422, 435-36 (1982)). The court dismissed Plaintiff's claim against defendant

28   Simms, however, with prejudice. (Doc. # 29 at 4.) The court noted that Plaintiff alleged that

1    Simms improperly destroyed the religious item prior to resolution of the grievance process. This

2    was, therefore, an intentional unauthorized deprivation of property by Simms, which is not

3    actionable provided that adequate state post-deprivation remedies are available. (*Id.*, citing

4    *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984).) Nevada law provides for civil actions for the

5    wrongful deprivation of property by state officials; therefore, Plaintiff could not maintain his

6    claim against Simms. (*Id.*)

7            Defendants filed their first motion for summary judgment on April 24, 2013, arguing that

8    Plaintiff's claims were barred by the applicable two-year statute of limitations. (Doc. # 50.) The

9    undersigned issued a report and recommendation, which was later adopted and accepted by

10   District Judge Robert C. Jones, that the motion be granted in part and denied in part. (Doc. # 56,

11   Doc. # 60.) First, the court concluded that Plaintiff knew about the injury on which his First

12   Amendment free exercise claim was based on June 19, 2007, when the talon was confiscated.

13   (Doc. # 56 at 7.) Even taking into account that the two-year statute of limitations period was

14   tolled while Plaintiff completed the grievance process, the court found Plaintiff did not timely

15   file his complaint as to this claim. (*Id.* at 8.) Second, the court found that the injury which

16   provides the basis for Plaintiff's due process claim is the destruction of the talon, which he did

17   not learn of until March 24, 2010. (*Id.* at 8.) The court found Plaintiff timely filed his complaint

18   as to the due process claim. (*Id.* at 8-9.)

19           Defendants filed an extension of time to raise an objection to the report and

20   recommendation which was granted. (Docs. # 56, # 57.) Plaintiff filed his own objection to the

21   report and recommendation. (Doc. # 58.) Judge Jones adopted and accepted the report and

22   recommendation prior to the extended deadline for filing objections. (Doc. # 60.)

23           Defendants moved for reconsideration of the order adopting and accepting the report and

24   recommendation because it had been entered before Defendants had an opportunity to file their

25   objection. (Doc. # 61.) The motion for reconsideration included the basis of their objection. (*Id.*)

26   Judge Jones considered the objection, and denied Defendants motion for reconsideration. (Doc.

27   # 70.) Judge Jones reiterated that Plaintiff could maintain his due process claim seeking damages

28   based purely on the destruction of the talon, but not on the mere fact of its confiscation. (*Id.* at 2.)

1   Judge Jones further noted that Plaintiff's damages for this claim must be limited accordingly.

2   (*Id.*) Finally, he gave Defendants leave to file a successive motion for summary judgment based

3   on the *Hudson* and *Paratt* line of cases. (*Id.*) Therefore, the only remaining claim at this juncture

4   is Plaintiff's due process claim related to the destruction of the talon.

5        Defendants filed the instant motion on November 13, 2014. (Doc. # 74.) First,

6   Defendants argue that because Plaintiff contends that Defendants acted outside of NDOC policy

7   when they destroyed his talon, he is asserting an intentional, unauthorized deprivation of his

8   property, and because he has an adequate post-deprivation state remedy, his due process claim

9   fails. (Doc. # 74 at 4, citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).) Second, they argue

10  that where a loss is incurred by a person through the negligence of a state agent, it is a random

11  and unauthorized action, which makes any pre-deprivation process impossible, and Plaintiff can

12  resort to a civil tort action for negligence causing the loss of property as a result of negligence.

13  (*Id.* at 4-5, citing *Paratt v. Taylor*, 451 U.S. 527 (1981); Nevada Revised Statute (NRS) 41.031;

14  NRS 41.0322; NRS 73.010.) Finally, they argue that they are entitled to summary judgment

15  insofar as Plaintiff is only entitled to an award of nominal damages on this claim if he were to

16  succeed at trial. (*Id.* at 5-6, citing *Oliver v. Keller*, 289 F.3d 632, 630 (9th Cir. 2002); *Jacobs v.*

17  *Clark County School Dist.*, 526 F.3d 419, 426 (9th Cir. 2008); *Memphis Cmty. Sch. Dist. v.*

18  *Stachural*, 477 U.S. 299, 308 n. 11 (1986); 42 U.S.C. § 1997e(e).)

19       Plaintiff spends much of his time in his response discussing how he believes Defendants

20  committed criminal acts with respect to the confiscation and destruction of his talon, and

21  referencing claims that are not a part of this litigation (retaliation, RLUIPA, etc.), and even raises

22  an argument that he has properly exhausted his administrative remedies. The court will only

23  focus on the arguments that are germane to Defendants' motion. Plaintiff argues that the Ninth

24  Circuit already found that the court erred in dismissing his due process claim because Plaintiff

25  challenged the destruction of property under state procedure. (Doc. # 77 at 2-3, 8.) He further

26  notes that the undersigned allowed his due process claim to proceed when his Amended

27  Complaint was screened. (*Id.* at 3, 8.) He also argues that Defendants are precluded from making

28  a successive motion for summary judgment. (*Id.* at 7.) Plaintiff contends that the loss of his

1    property was an intentional deprivation pursuant to Defendants' authorized policy, namely,

2    Administrative Regulation (AR) 810. (*Id*. at 8.)

3                              **II. SUMMARY JUDGMENT STANDARD**

4            "The purpose of summary judgment is to avoid unnecessary trials when there is no

5    dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

6    F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary

7    judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*,

8    525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

9    (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine

10   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

11   Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at

12   issue, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

13   250 (1986).

14           A party asserting that a fact cannot be or is genuinely disputed must support the
             assertion by:
15           (A) citing to particular parts of materials in the record, including depositions,
             documents, electronically stored information, affidavits or declarations,
16           stipulations (including those made for purposes of the motion only), admissions,
             interrogatory answers, or other materials; or
17           (B) showing that the materials cited do not establish the absence or presence of a
             genuine dispute, or that an adverse party cannot produce admissible evidence to
18           support the fact.

19   Fed. R. Civ. P. 56(c)(1)(A), (B).

20           If a party relies on an affidavit or declaration to support or oppose a motion, it "must be

21   made on personal knowledge, set out facts that would be admissible in evidence, and show that

22   the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

23            In evaluating whether or not summary judgment is appropriate, three steps are necessary:

24   (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as

25   to a material fact; and (3) considering the evidence in light of the appropriate standard of proof.

26   *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect

27   the outcome of the suit under the governing law will properly preclude the entry of summary

28   judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

1    In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

2  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

3  come forward with evidence which would entitle it to a directed verdict if the evidence went

4  uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing

5  the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

6  *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

7  omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

8  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

9  an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party

10  failed to make a showing sufficient to establish an element essential to that party's case on which

11  that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-

12  25 (1986).

13    If the moving party satisfies its initial burden, the burden shifts to the opposing party to

14  establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

15  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of

16  material fact, the opposing party need not establish a genuine dispute of material fact

17  conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a

18  jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*

19  *v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation

20  omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the

21  non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith*

22  *Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party cannot avoid

23  summary judgment by relying solely on conclusory allegations that are unsupported by factual

24  data. *Id.* Instead, the opposition must go  beyond the assertions and allegations of the pleadings

25  and set forth specific facts by producing competent evidence that shows a genuine dispute of

26  material fact for trial. *Celotex*, 477 U.S. at 324.

27    That being said,

28  [i]f a party fails to properly support an assertion of fact or fails to properly address
another party's assertion of fact as required by Rule 56(c), the court may: (1) give

an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

First, contrary to Plaintiff's assertion, Federal Rule of Civil Procedure 56 does not limit the number of summary judgment motions that may be filed, and allows for exceptions to default time limits to be made by local rule or court order. Fed. R. Civ. P. 56(b). The Ninth Circuit has specifically found that "district courts have discretion to entertain successive motions for summary judgment[.]" *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Such motions may foster "'just, speedy, and inexpensive' resolution of suits." *Id*. (quoting Fed. R. Civ. P. 1). These motions are "particularly appropriate on an expanded factual record." *Id*. Judge Jones specifically exercised his discretion to allow Defendants to bring this successive motion for summary judgment. (Doc. # 70.)

Second, the court concludes that Defendants' motion for summary judgment should be granted as to Plaintiff's remaining due process claim. The Ninth Circuit's memorandum, the order screening Plaintiff's amended complaint, the report and recommendation on Defendants' first motion for summary judgment, and the order adopting and accepting it did not sufficiently take into account the difference between the due process claims asserted by Plaintiff related to the *confiscation* of the talon versus the *destruction* of the talon insofar as the remaining defendants are concerned. The importance of this distinction was made apparent in Judge Jones' order addressing Defendants' objection concerning the outcome of the first motion for summary

1   judgment, which is likely why Judge Jones to allow Defendants to file this motion. This

2   distinction is critical.

3       Plaintiff clearly contends that Ball's *confiscation* of the talon on June 19, 2007, was

4   pursuant to established NDOC policy, e.g., AR 810, effective June 6, 2008. (*See* Am. Compl.,

5   Doc. # 28 at 4, 5; Doc. # 77 at 4, 8.) Plaintiff's due process claim related to the *confiscation* of

6   the talon has been dismissed as barred by the statute of limitations. Had he timely filed this due

7   process claim, it is clear that he would have been able to maintain this claim. *See Logan v.*

8   *Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). That claim, however, remains time barred.

9       Following the confiscation, Plaintiff asserts that he started the grievance process in an

10  attempt to get the talon returned, but his grievance requests were denied by LeGrand, Palmer and

11  Helling. (Am. Compl., Doc. # 28 at 4; Doc. # 77 at 6.) Then, on March 24, 2010, Hertz informed

12  Plaintiff that the talon had been destroyed by Simms on August 26, 2007, three months and

13  twelve days before Plaintiff had completed the grievance process. (Doc. # 28 at 4, 5.) None of

14  the Defendants gave Plaintiff an opportunity to mail the talon out before it was destroyed. (*Id*.)

15  Plaintiff alleges that the *destruction* of the talon was not in line with NDOC policy- as he

16  contends that the talon was improperly destroyed before he had a chance to complete the

17  grievance process, and before he had a chance to make arrangements to send it home. (Doc. # 28

18  at 4-5, 6.) He admits as much in his response when he states that they were acting "outside of the

19  authorizations of NDOC policy" when they "destroyed Plaintiff's eagle talon." (Doc. # 77 at 8.)

20      A due process claim based on an intentional, *unauthorized* deprivation of property is not

21  cognizable if the plaintiff has an adequate post-deprivation state remedy. *See Hudson v. Palmer*,

22  468 U.S. 517, 533-34 (1984). Nevada law provides for civil actions for the wrongful deprivation

23  of property by state officials provided the inmate exhausts administrative remedies. NRS 41.031,

24  41.0322. Therefore, Plaintiff may not maintain his due process claim relative to the destruction

25  of the talon.

26      Alternatively, insofar as the *destruction* of the talon before Plaintiff completed the

27  grievance process could be considered negligent (as opposed to an *intentional*, unauthorized

28  deprivation), Plaintiff cannot maintain his claim. "The Fourteenth Amendment protects only

against 'without due process of law.'" *Parratt v. Taylor*, 451 U.S. 527, 537 (1981) (quoting *Baker v. McCollan*, 443 U.S. at 145), *overturned on other grounds*. When there is a "random" and "unauthorized" act that causes the loss of a prisoner's property, a state cannot "provide a meaningful hearing before the deprivation takes place." *Id*. at 541.  Such a loss is "in almost all cases beyond the control of the State" and "in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id*. This does not mean that the property can be taken "without providing a meaningful postdeprivation hearing;" however, an adequate post-deprivation state remedy to address the property loss negates a due process claim under these circumstances. *Id*. at 541-42. When a deprivation of property occurs "as a result of the unauthorized failure of agents of the State to follow established state procedure," which is what Plaintiff contends occurred here when the talon was destroyed prior to the completion of the grievance process and prior to him being given a chance to send it out, and the State provides an adequate post-deprivation remedy, Plaintiff may not maintain his due process claim. *See id*. at 543-44. On this additional basis, summary judgment should be granted in Defendants' favor as to the remaining due process claim.

In light of these conclusions, the court need not reach Defendants' argument relative to damages.

///

///

///

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING**
Defendants' Second Motion for Summary Judgment. (Doc. # 74).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
this Report and Recommendation within fourteen days of receipt. These objections should be
titled "Objections to Magistrate Judge's Report and Recommendation" and should be
accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of
appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
until entry of judgment by the district court.

DATED: May 26, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE